**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RICARDO ALANIZ** ) | 1:07-cv-0488-LJO WMW HC |
| ) | |
| Petitioner, ) | **ORDER REQUIRING** |
| ) | **PETITIONER TO NAME** |
| vs. ) | **PROPER RESPONDENT** |
| ) | |
| ) | |
| **PEOPLE OF THE STATE OF** ) | |
| **CALIFORNIA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____ ) | |

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see, also</u>, <u>Stanley v.</u>

1  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in
2  charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at
3  360.  Where a petitioner is on probation or parole, the proper respondent is his probation or
4  parole officer and the official in charge of the parole or probation agency or state correctional
5  agency.  Id.

6       In this case, petitioner names the "People of the State of California" as Respondent.
7  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
8  lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d
9  1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938,
10 948 (2nd Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to
11 cure his defect by amending the petition to name a proper respondent.  See, West v.
12 Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d
13 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper
14 respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

15      Accordingly, Petitioner is hereby granted THIRTY (30) days from the date of service
16 of this order to file a motion to correct the respondent in this case.  Petitioner's failure to do
17 so will result in recommendations that this case be dismissed.

20 IT IS SO ORDERED.

21 **Dated:   April 4, 2007**                   **/s/  William M. Wunderlich**
   mmkd34                                              UNITED STATES MAGISTRATE JUDGE